# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                            Case No.: 8:17-cr-345-WFJ-TGW

LEWIS JEREMIAH JOHNSON
_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Lewis Jeremiah Johnson, USM#: 69049-018, moves, *pro se*, (Dkt. 227) for a reduction in sentence. He also seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Dkt. 230), to which the United States objects (Dkt. 235) and Defendant replies (Dkt. 237). The latter motion will be addressed after the Amendment 821 analysis. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if

the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On April 15, 2019, Lewis Jeremiah Johnson was sentenced under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 924(c) to 144 months. The 144 months consists of 84-month terms as to each of Counts 1 and 3 (felon in possession of a firearm) and a 60-month term as to each of Counts 2 and 4 (possession with intent to distribute marijuana), all these four counts to run concurrently (totaling 84 months). The mandatory consecutive 60-month term for one count of possession of a firearm in furtherance of a drug

trafficking offense brought the total to 144 months. Mr. Johnson's total offense level was 26. He was assessed twenty (20) criminal history points, and his criminal history was category VI.

Mr. Johnson received a sentence within the guidelines. Mr. Johnson's advisory sentencing range was 120-150 months. He faced a five-year consecutive mandatory term (firearm in furtherance of drug trafficking). The Court granted the contested defense motion for a downward variance to concurrent terms of 84 months on Counts 1 and 3 (firearms) and 60 months on Counts 2 and 4, followed by the 60-month consecutive mandatory term, which totals 144 months. The articulated mitigating factors include:

> . . . an unexpected robbery of defendant's house where he wrested the (stolen) firearm with high-capacity magazine from the robber. The stolen nature of this weapon and its high-capacity magazine were unintended by this defendant. He possessed this weapon but only after suddenly and unexpectedly wresting it from the robber after the robber shot him in the belly. This entirely unexpected and unplanned robbery of defendant raised his guideline score by multiple points due to high-capacity magazine, stolen gun, and also under 2K2.1(b)(11)(A) due to the number of guns possessed. To allow for these facts the Court varied downward.

The Court also noted the "unusual circumstances" of the "unexpected possession of the weapon in an emergency type situation" considered under 18 U.S.C. § 3553(a)(1) at the time of sentencing. The Bureau of Prisons reports that his expected release date is November 20, 2027.

3

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 is impermissible because Mr. Johnson was assessed criminal history points and was not assessed status points.

Mr. Johnson appealed his sentence, contesting the scoring of his criminal history points.  His 20 (13 or more) criminal history points fell into a category VI. The Eleventh Circuit determined that the Court did not err in assigning criminal history points for his three prior sentences and affirmed the 144-month sentence. As noted, "based on the record as a whole, it is highly improbably that the district court would have imposed a lower sentence if it had assigned Johnson 14 criminal history points rather than 20 criminal history points."  Dkt. 205 at 8.

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order.  Dkt. 245.  The Federal Defender will not be filing a motion for sentence reduction on behalf of Defendant Lewis Jeremiah Johnson because he "received criminal history points and did not

receive any status points." *Id*. This Court provided 21 days for any *pro se* filing, and Mr. Johnson filed several papers. Dkts. 249, 252, 253.

Because Mr. Johnson is not a "zero-point offender," he is not eligible for a sentence reduction. Even if Defendant were eligible and even considering the sentencing factors in 18 U.S.C. § 3553(a), the Court would not reduce the 144-month sentence. To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction.

Defendant was selling marijuana out of his house when the armed robber entered his home under the pretense of meeting Defendant to buy drugs. Defendant was shot while fighting off the armed robber. Officers entered his house after receiving a call that someone (the robber) had been shot inside. A search of his house revealed another hidden firearm, spent shell casings and rounds on the floor, live ammunition, packaged marijuana, four cell phones, and cash. The Court took into consideration the highly unusual circumstances of the offenses and granted a substantial downward variance, despite the Defendant's history of recidivism.

Lastly, addressing the arguments raised by Mr. Johnson, *pro se*, under the more traditional compassionate release through 18 U.S.C. § 3582(c)(1)(A), the Court finds that Mr. Johnson fails 1) to allege any extraordinary and compelling reason, 2) to satisfy the § 3553(a) factors, and 3) to demonstrate he is not a danger to the community. Defendant alleges he was merely selling marijuana, a "fast becoming legalized substance." He argues that the nature of these convictions, and his past ones, together with his non-violent behavior in prison, warrants a reduction in his sentence. These reasons are not extraordinary or compelling.

Additionally, the § 3553(a) factors weigh against his release. His 144-month prison sentence reflects the seriousness of the crimes involving drugs and firearms and serves to protect the public. This fact further weighs against a finding that he is not a danger to others or the community. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(2) (release denied unless defendant is not a danger to the safety of any other person or the community).

Mr. Lewis Jeremiah Johnson's *pro se* motions (Dkts. 227, 230, 251) for a reduction in sentence and for compassionate release are **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on June 4, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE